IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| REGINALD LAMAR KOCHER, | * | |
| Petitioner, | * | |
| VS. | * | CASE NO. 5:03-CR-50 DF |
| UNITED STATES OF AMERICA, | * | Civil Case No. 5:05-CV-199 |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

Before the court is Petitioner Kocher's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, filed on June 20, 2005, as well as Petitioner's Motion to Grant Judgment Pursuant to Rule 56, filed on September 16, 2005.

On June 4, 2003, an indictment was returned in this court against Petitioner Reginald Lamar Kocher charging him with Possession with Intent to Distribute Methamphetamine (Count I) and Carrying a Firearm During and In Relation to a Drug Trafficking Crime. (R1-1).  On March 2, 2004, Petitioner entered into a Plea Agreement with the Government (R-19, 20) and pled guilty to both Counts of the Indictment.  Petitioner was offered a potential reduction of his sentence in exchange for substantial assistance to the government while out on bond. (R1- 22-24).  Petitioner violated the terms of the deal by testing positive for a controlled substance, and was taken back into custody on March 23, 2004. (R1-27).  On June 1, 2004, Petitioner was sentenced to twenty-one months imprisonment for Count I and a consecutive term of sixty months imprisonment for Count II. (R1- 30, 31).

On June 20, 2005, Petitioner Kocher filed his present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. The Government filed its Answer in Opposition to Petitioner's Motion to Vacate on September 6, 2005.

## **Petitioner's § 2255 Motion**

In his Motion To Vacate, Set Aside, or Correct his Sentence, Petitioner Kocher alleges two grounds for relief. In both grounds, Petitioner alleges several claims of ineffective assistance of counsel. In **Ground One**, the Petitioner argues that his counsel failed to raise the issue of a possible downward departure at sentencing; that counsel failed to file a motion which would preserve his rights regarding "an advisory guideline scheme as opposed to the mandatory scheme that was in place at the time of movant's sentencing"; that counsel should have known that sentencing changes "were on the immediate horizon pursuant to *Blakely* and the, then, upcoming *Booker* case; that his plea agreement states that nothing herein limits the sentencing discretion of the court"; and that counsel failed to argue, or preserve the right to argue, any favorable any sentencing factors contained in 18 U.S.C. § 3553(a). The Petitioner does concede, however, that the sentencing guidelines prior to the holdings in *Booker* and *Blakely* were mandatory. In **Ground Two**, the Petitioner contends that his counsel was ineffective for failing to secure a hearing to suppress evidence.

It must first be noted that any claims the Petitioner has regarding the *Booker* and *Blakely* holdings must fail. Petitioner Kocher was sentenced on June 1, 2004, and *Booker*

was not decided until January 12, 2005.  Therefore, his sentence could not have violated the *Booker* ruling that the U.S. Sentencing Guidelines were advisory only.   Additionally, our Circuit Court of Appeals has specifically held, as indicated by the *Booker* Court itself, that the Supreme Court's holding does not apply to cases on collateral review, but only to cases not yet final.

*In re: Jerry J. Anderson,* 396 F.3d 1336 (11th Cir. 2005), the Eleventh Circuit Court of Appeals held:

> Regardless of whether *Booker* established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared *Booker* to be retroactive to cases on collateral review. *See Booker,* 125 S.Ct. at ___ (opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review").  Put simply, *Booker* itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. . . .   Indeed, as we noted in *In re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004), the Supreme Court has indicated the very opposite:
>
>> [T]he Supreme Court has strongly implied that *Blakely* is not to be applied retroactively.  The same day the Supreme Court decided *Blakely,* the Court also issued its decision in *Schriro v. Summerlin,* ___U.S. ___, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), holding that *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. *Summerlin,* 124 S.Ct. at 2526; *see also Blakely,* 124 S.Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in *Summerlin* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review"); *see also McCoy v. United States,* 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding

>that *Apprendi* is not retroactive to cases on collateral review). . . . It follows that because *Booker,* like *Blakely* and *Ring,* is based on an extension of *Apprendi,* Anderson cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.

*See also Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005) ( "as the Supreme Court concluded in *Schriro,* we conclude that *Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review"). Petitioner Kocher's reliance on the *Booker* holding, therefore, is misplaced and needs no further discussion. As such, his claim that his counsel was ineffective fo failing to preserve his right to relief from the mandatory guideline sentencing scheme, as well as his claim that counsel should have been aware that *Booker* would cause the guidelines to become advisory only, must fail as well.

As to his other claims of ineffective assistance of counsel, in order to prevail on an ineffective assistance of counsel claim, the defendant must demonstrate both that (1) his counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). A court deciding an ineffective assistance claim need not approach the *Strickland* inquiry in the same order or address both components of the *Strickland* inquiry if the prisoner makes an insufficient showing on one. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069; *Holladay v. Haley,* 209 F.3d 1243, 1248 (11th Cir. 2000) (noting that "[b]ecause both parts of the test must be satisfied

in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice-versa").

In **Count One**, Petitioner first claims that his counsel was ineffective for failing to raise any issue of a downward departure in his sentence for substantial assistance to the government. The facts in the case reveal, however, that Petitioner's counsel did request a downward departure which the government accepted, providing that Petitioner obey the terms of his post-plea release. The Petitioner, however, violated those terms by testing positive for a controlled substance and was, therefore, unable to provide assistance to the government. There can be found no ineffective assistance of counsel where counsel procured the downward departure but Petitioner failed to comply with the terms of the deal.

In **Ground Two**, the Petitioner contends that his counsel was ineffective for failing to secure a hearing on his Motion to Suppress evidence found at the time of his arrest. He claims that his counsel was aware of "large discrepancies" in the statement provided by one of the investigators. He argues that a suppression hearing would have "disposed of these discrepancies in a just and lawful manner." He further contends that a suppression hearing would have dealt with other discrepancies in his case.

As stated above, for ineffective assistance of counsel to be found, a Petitioner must show that his counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and that he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. The facts in Petitioner's case reveal that

counsel filed a Motion to Suppress on November 21, 2003.  The facts further reveal that he government told counsel it would not entertain a plea deal if a suppression hearing was held. (Respondent's Response, p. 7).  As a tactical decision, therefore, counsel advised Petitioner to enter into plea negotiations with the government, and abandoned his request for a suppression hearing.  The decision to plead guilty was ultimately up to the Petitioner who chose to waive his right to trial and plead guilty.

In *Thompson v. Nagle,* 118 F.3d 1442, 1450 (11th Cir. 1997), the Eleventh Circuit Court of Appeals set out the standards regarding claims of ineffective assistance of counsel, as follows:

> The Sixth and Fourteenth Amendments entitle a criminal defendant to the effective assistance of counsel.  *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984); *Routly v. Singletary,* 33 F.3d 1279 (11th Cir. 1994).  A defendant claiming ineffective assistance of counsel must show first that counsel's performance was "outside the wide range of professionally competent assistance." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066.  Second, a criminal defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694, 104 S.Ct. at 2068.  The burden is on the petitioner to establish both of these elements, *Atkins v. Singletary,* 965 F.2d 952, 958 (11th Cir. 1992), and the burden is a heavy one. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066; *see also Horton v. Zant,* 941 F.2d 1449, 1460 (11th Cir. 1991) (Reviewing courts "should presume effectiveness and should avoid second-guessing with the benefit of hindsight.")

With regard to Petitioner's current claim, he has failed to show that counsel's failure to procure a hearing on his Motion to Suppress was anything but a strategic decision. Petitioner has further failed to demonstrate that counsel's decision to enter into plea negotiations rather then hold a suppression hearing was unreasonable. This Court finds, then, that Petitioner has failed to demonstrate that any action or inaction of Counsel during his representation of Petitioner fell outside the range of professional competent assistance. The Court further finds that Petitioner has failed to establish that, but for the actions or inactions of Counsel, the result at trial would have been different.  Thus, Petitioner's claim of ineffective assistance of counsel for failing to secure a suppression hearing in this matter must fail.

### **Petitioner's Motion for Summary Judgment**

As noted above, Petitioner has also filed a Motion to Grant Judgment Pursuant to Rule 56. In the Motion, Petitioner claims that he should be granted judgment in his favor because he had no evidence that the Respondent filed any responsive pleading as of September 13, 2005. Essentially, he is moving the court for a default judgment.  His Motion must fail not only because a default judgment is not contemplated in a habeas corpus petition, but also because the record reveals that the Respondent filed its Response on September 6, 2005, as ordered by the court.  Thus, he not entitled to judgment as a matter of law.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 be DENIED.  It is also RECOMMENDED that Petitioner's Motion for Judgment Pursuant to Rule 56 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of October 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE